UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 3:04-CV-00402 LRH (RAM) |
| v. | ) | |
| SEVENTY-ONE FIREARMS, | ) | ORDER |
| Defendants. | ) | |

Presently before the court is defendants Seventy-One Firearms' (the "Firearms") Motion to Transfer Firearms (#11[1]). The United States of America ("Plaintiff") has filed an Opposition (#12), and the Firearms have filed a Reply (#13).

**I. Factual Background**

This is a civil forfeiture action, filed pursuant to 18 U.S.C. § 924(d), for the seizure of seventy-one firearms. On April 2, 2005, Bureau of Alcohol, Tobacco, Firearms & Explosives agents seized the Firearms from the vehicle of Philip Johnson in Washoe County, Nevada. Philip Johnson allegedly possessed the Firearms in violation of 18 U.S.C. § 922(a)(1)(A), prohibiting the unlawful dealing in firearms without a Federal Firearm License. Plaintiff seized the Firearms pursuant to 18. U.S.C. § 924(d), as the Firearms were allegedly instruments intended to be used to

---

[1] Refers to the court's docket number.

violate 18 U.S.C. § 922(a)(1)(A). The appraised value of the Firearms is approximately fifteen thousand, two hundred dollars ($15,200).

On February 21, 2006, Plaintiff filed a suggestion of death on the record pursuant to Federal Rule of Civil Procedure 25(a)(1), indicating that Philip Johnson died on or around January 9, 2006. Fed. R. Civ. P. 25(a)(1). Plaintiff served David Cavin Hill ("Hill"), attorney for both Philip Johnson and Vernon Johnson, with the Suggestion of Death on the Record (#10) "electronically or, as appropriate, by sending a copy by first class mail. . . ." (Suggestion of Death Certificate of Service ¶ 1.) On May 23, 2006, Hill filed this Motion to Transfer Firearms[2] requesting that the court transfer all claims against Philip Johnson to Vernon Johnson, the "administrator of the estate and heir to Philip Johnson." (Defs.' Mot. to Transfer Firearms (#11) at 1.)

**II. Discussion**

Substitution of a party upon his or her death is governed by Rule 25 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 25. Rule 25(a)(1) provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party, and together with the notice of hearing, shall be served on the parties as provided by Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made no later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed. R. Civ. P. 25(a)(1). Thus, if the death of a party is suggested on the record, the party who wishes to substitute for the deceased has ninety days to file a motion for substitution. *Id.* If the substituting party fails to file a motion for substitution within the required ninety days, the court must dismiss the action. *Id.* In the present case, the court finds that Plaintiff did not meet the

---

[2] The Motion to Transfer Firearms (#11) appears to be a motion to substitute pursuant to Federal Rule of Civil Procedure 25(a)(1). Therefore, the court will construe this motion as one brought pursuant to Rule 25(a)(1). Fed. R. Civ. P 25(a)(1).

2

requirements needed to start the running of the ninety-day period.  As such, the court will order the substitution of the proper parties.

In opposition to the substitution of Vernon Johnson, Plaintiff contends that the filing of the Suggestion of Death (#10) on February 21, 2006, triggered the ninety-day period for service contained in Federal Rule of Civil Procedure 25(a)(1).  Fed. R. Civ. P. 25(a)(1).  However, Plaintiff is incorrect.  "[T]he rule requires two affirmative steps in order to trigger the running of the 90 day period."  *Barlow v. Ground*, 38 F.3d 231, 233 (9th Cir. 1994).  First, a party or the representative of the deceased party must file a suggestion of the death on the record.  *Id.*  Second, the party suggesting the death must serve the other parties pursuant to Federal Rule of Civil Procedure 5 or serve the successors or representatives of the deceased party pursuant to Federal Rules of Civil Procedure 4.  *Id.*

Here, Plaintiff satisfied the first step by filing the Suggestion of Death (#10) on February 21, 2006.  A suggestion of death ordinarily requires the suggesting party to include the name and contact information for the proper party to be substituted.  *Cardoza v. First Sec. Mortgage*, 111 B.R. 906, 909 (Bankr. S.D. Cal. 1990).  However, this rule does not apply when parties other than the representatives or successors of the estate file the suggestion of death.  *Id.*  As a result, Plaintiff properly filed the suggestion of death.

Plaintiff contends that service of the Suggestion of Death (#10) on the deceased's attorney, Hill, satisfies the second step.  The court disagrees.  Although Rule 5 permits service by mail upon a party's attorney, *Barlow*, 38 F.3d at 233, the deceased's attorney is not a party to the litigation and his function as a representative ceases upon the party's death.  *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985) (citing Restatement (Second) of Agency § 120(1)).  In the present case, because the service required is upon a nonparty, rather than a party, Rule 25(a)(1) requires Plaintiff to serve the successors or representatives of the deceased party as provided by Rule 4.  Fed. R. Civ Pro. 4, 25(a)(1).

1    Rule 4(e) requires either personal service, service upon some person of "suitable age or
2 discretion" residing at the individual's "dwelling house or usual place of abode," service upon "an
3 agent authorized by appointment or by law to receive service of process," or service in compliance
4 with state law. Fed. R. Civ. P. 4(e). Here, because service was not made in "substantial
5 compliance" with Rule 4, *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982), Plaintiff did
6 not meet the requirements necessary to start the running of Rule 25(a)(1)'s ninety-day filing period.
7    Plaintiff served Hill "electronically, or . . . by first class mail." (Pl.'s Suggestion of Death
8 Certificate of Service ¶ 1.) Because Rule 4 does not contemplate this type of service, Nevada state
9 law would have to allow electronic or mail service. Fed. R. Civ. P. 4. Nevada Rule of Civil
10 Procedure 4, which applies to the service of summons, does not provide for either electronic service
11 of the summons or service of the summons by mail. *See* Nev. R. Civ. P. 4(d)(6). Thus, because
12 Plaintiff did not comply with the requirements of either Federal Rule of Civil Procedure 4 or
13 Nevada Rule of Civil Procedure 4, service of the Suggestion of Death on Hill "electronically, or . . .
14 by first class mail," (Pl.'s Suggestion of Death Certificate of Service ¶ 1), did not trigger the ninety-
15 day time limit of Rule 25(a)(1). Fed. R. Civ P. 4, 25.
16    Although Plaintiff did not properly serve Vernon Johnson with the suggestion of death,
17 Vernon Johnson, through his attorney Hill, filed a motion for substitution on May 23, 2006. "A
18 motion to substitute may be made . . . without awaiting the suggestion of death." Fed. R. Civ. P. 25
19 advisory committee notes (1963). Rule 25(a)(1) requires that "representatives of the deceased
20 party" file the motion to substitute. Fed. R. Civ. P. 25(a)(1). Although the rule "applies only to the
21 substitution of legal representatives," *Mallonee v. Fahey*, 200 F.2d 918, 920 (9th Cir. 1952), "there
22 is but no question that a timely motion brought by the Administrat[or] of a deceased party is within
23 the terms of the Rule's operation." *Boggs v. Dravo Corp.*, 532 F.2d 897, 900 (3rd Cir. 1976). The
24 motion for substitution (#11) identifies Vernon Johnson as the "administrator of the estate and heir
25 to Philip Johnson." (Defs.' Mot. to Transfer Firearms (#11) at 1.) However, Plaintiff contests this
26

proposition and Vernon Johnson does not provide evidence supporting his contention that he is administrator of the estate. As a result, the court will withhold judgment on the motion for substitution until the parties provide evidentiary support for their contentions.

It is therefore ORDERED that the parties provide evidentiary support within fifteen (15) days of the filing of this order.

IT IS SO ORDERED.

DATED this 12th day of July, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5